UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

JOY GARDNER,                                         Case No. 1:14-cv-09414

       Plaintiff,

   -against-

CREDIT MANAGEMENT, LP,

       Defendant.

-----------------------------------------------X

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION ON THE PLEADINGS

### INTRODUCTION

The issue presented in Defendant's Motion is whether the presence of Plaintiff's account number visible through a window envelope mailed to her constitutes a violation of the Fair Debt Collection Practices Act. As set forth more fully below, Defendant's Motion for a judgment on the pleadings must be denied in its entirety.

### FACTS

This action arose out of efforts undertaken by Defendant to collect an alleged consumer debt on behalf of a third party. The Defendant mailed to Plaintiff a notice dated August 29, 2014, which Plaintiff received on September 2, 2014. This notice arrived by United States mail at Plaintiff's home in an envelope upon which Plaintiff's account number of "057279074/IT" was visible, along with Plaintiff's name and address.

## LEGAL ARGUMENT

The Fair Debt collection Practices Act, Section 1692 f (8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.  Defendant argues that "if a literal application of the statute were to occur, it would be impossible for a debt collector to send written correspondence through the U.S. Mail.  To apply the statute literally would prohibit a debt collector from including the consumer's name, address, or a stamp on the envelope without violating the FDCPA." Defendant then goes on to cite a "benign language exception" to the statute.  It then comes to the conclusion that "Plaintiff's internal tracking number cannot, as a matter of law, create a violation of Section 1692 f(8)  of the FDCPA."  This argument cannot be taken seriously, as it assumes that Plaintiff's name and address alone on the envelope would violate the statute.  There is a clear distinction between a name and address on the envelope, addressed to the person to whom the correspondence is being sent, and an account number.  A name and address are required for proper delivery of the envelope.  An account number is not. The words of the statute could not be clearer.  They are not complicated or misleading. Millions of envelopes are delivered to their addressees every day with just the addressee's name and address on it.  There is no reason why debt collectors cannot mail their notices to debtors with only the addressee's name and address visible on the envelope.

<u>Voris v. Resurgent Capital Services,</u> LP, 494 F. Supp. 2nd 1156 (S.D. CA, 2007) said that the issue of whether or not language on an envelope containing a debt collection letter sent by a collector was benign and thus acceptable under the FDCPA provision prohibiting unfair or

unconscionable language on such envelopes was one of fact that could not be resolved on a motion for judgment on the pleadings. The Court went on that, in determining whether or not language on an envelope constituted "benign language" exempt from an f(8) violation, "printed language on an envelope may violate the statute in different ways....If printed language on an envelope causes a debtor damage, loss of rights, or other harm, the language is *not* benign." The Court noted that the purpose of 1692 f(8) was "to prevent disclosure of the envelopes contents" and implied that Plaintiff should be allowed to move forward and prove that it was in fact damaged by Defendant's behavior. Likewise, Plaintiff here should have the opportunity to move forward with her case and prove damages.

Douglas v. Convergent Outsourcing, 963 F. Supp. 2nd 440 (E.D. Pa, 2013) dealt directly with this question, where the Court held that "[t]he account number is a core piece of information pertaining to Plaintiff's status as a debtor and Defendant's debt collection effort. Disclosed to the public, it could be used to expose her financial predicament. Because Defendant's disclosure implicates core privacy concerns, Plaintiff's account number is impermissible language or symbols under Section 1692 f(8)." Defendant is not in agreement with the Douglas decision, but that does not make it an incorrect one. It should also be noted that *Schweizer v. Trans Union Corp.,* cited by Defendant, was decided in 1998, 16 years prior to the Douglas decision. The Douglas court nevertheless came down with its decision, in spite of *Schweizer.*

As for Defendant's argument that "Personally identifiable information" is not relevant to this provision of the FDCPA, that again is a self serving conclusion not substantiated by fact or law.  With the prevalence of identity theft these days, there is no way to tell whether account numbers or code numbers on an envelope can be linked to a particular person.  This is precisely what the *Douglas* decision was talking about.  We just do not know what information can be gleaned from any language or numbers on an envelope other than the addressee's name and address.  Again, I go back to the plain and clear language of f(8).

It can also be argued that, because of the discrepancy between *Douglas* and the prior cases cited by Defendant, this issue is too significant to be determined upon a motion to dismiss. If Defendant's motion is granted, Plaintiff loses its right to go forward and prove its damages under the FDCPA.  However, should Defendant's motion be denied, Defendant still has every opportunity to defend itself at trial before a jury, where the trier of fact will be permitted to decide this matter.

## CONCLUSION

Based upon the foregoing, Plaintiff Joy Gardner respectfully requests that Defendant's motion for judgment on the pleadings be denied in its entirety.

Dated: April 29, 2015

                        EDWARD B. GELLER, ESQ., P.C. by

                        /s/<u>Edward B.Geller,Esq.</u>

                        15 Landing Way

                        Bronx, New York  10464

                        Tel: (914)473-6783

                        e-mail:

                        Attorney for Plaintiff Joy Gardner

## CERTIFICATE OF SERVICE

I certify that on the 29th day of April 2015, I caused a true and correct copy of the foregoing document to be served in accordance with the Federal Rules of Civil Procedure and/or the Southern District's Local Rules; on Electronic Service, upon the following parties and participants:

        Finheman Krekstein & Harris, P.C.

        Attorneys for Defendant

        1735 Market Street, Ste. 600

        Philadelphia, PA  19103-7513

        Tel:  (215) 893-9300

        e-mail:  rperr@finemanlawfirm.com


        Edward B. Geller, Esq., P.C. by

        */s/ Edward B. Geller*

        Edward B. Geller